1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MICHAEL JASPER INGRANDE,

Case No.:  22-CV-1574-WVG

12

Plaintiff,

13

v.

14

KILOLO KIJAKAZI,

15

Defendant.

16

**ORDER GRANTING UNOPPOSED MOTION FOR AWARD AND PAYMENT OF ATTORNEYS FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. SECTION 2412(D)**

17
18

Pending before the Court is Plaintiff's Unopposed Motion for the Award

19

and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act

20

("EAJA"), 28 U.S.C. section 2412(d) ("Motion"). (Doc. No. 14.) The Motion is Plaintiff's

21

second request seeking award and payment of attorney fees and expenses pursuant to the

22

EAJA. (*See* Doc. No. 12, 14.) As the Parties' first motion for award and payment of

23

attorney fees and expenses (herein referred as "Stipulation for EAJA Fees and Costs", Doc.

24

No. 12) was a joint stipulation and this instant Motion indicates that "Counsel for Plaintiff

25

conferred with SSA prior to the filings of this motion. SSA does not object to this motion"

26

(*See* Doc. No. 14 at 2, ¶3), the Court construes this instant Motion as being unopposed.

27

On March 6, 2023, the Parties filed a Stipulation for EAJA Fees and Costs. (Doc.

28

No. 12.) That same day, the Court denied, without prejudice, the Stipulation for EAJA Fees

and Costs due to the motion's failure to provide factual detail necessary for the Court to resolve the request. (Doc. No. 13.) The Court specifically sought details regarding Plaintiff's counsel's hourly rate, Plaintiff's counsel's time records substantiating the requested fees, and whether Defendant finds both of those metrics justified in light of this litigation. *Id.*

Under the Equal Access to Justice Act ("the Act"), a prevailing party may seek attorney's fees from the Commissioner of Social Security within 30 days of the entry of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id.* Federal Rule of Appellate Procedure 4(a)(1)(B) sets a 60-day deadline to file an appeal in cases where the United States is a party. Fed. R. App. P. 4(a)(1)(B).

The amount of fees awarded are based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). The hourly rate may not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2022 statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living, was $234.95. "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed April 26, 2022) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

Here, judgment was entered in favor of Plaintiff on December 19, 2022 pursuant to sentence four of 42 U.S.C. section 405(g). (Doc. No. 11.) Because the time to file an appeal has since expired, there is a final judgment and the Motion is timely filed. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) ("a successful disability applicant

may file for attorneys' fees 30 days after the 60–day appeal period provided for in Rule 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits."). As Plaintiff's counsel performed 5.3 hours of work on this case, which were performed in 2022 under the hourly rate of $234.95, the Court finds the requested fee award is reasonable and fair.

Accordingly, the Court **GRANTS** the instant Motion and awards to Plaintiff attorney's fees in the amount of $1,245.24 and costs in the amount of $615.00.

**IT IS SO ORDERED.**

DATED: April 26, 2023

Hon. William V. Gallo
United States Magistrate Judge

22-CV-1574-WVG