UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL I.,<br><br>                               Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>                             Defendant. | Case No.: 22-cv-1574-DEB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[DKT. NO. 16]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 16. Neither Plaintiff nor the Commissioner oppose the Motion. Dkt. No. 19 (Commissioner's Statement of Non-Opposition).

For the reasons discussed below, the Court **GRANTS** the Motion.

**I.     BACKGROUND**

In October 2022, Plaintiff Michael I. filed a complaint seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability benefits. Dkt. No. 1. The parties stipulated to a voluntary remand pursuant to sentence four of 42 U.S.C. § 402(g). Dkt. No. 10. The Court remanded the action for

---

[1] Frank Bisignano is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

further administrative proceedings. Dkt. No. 11. Pursuant to a joint motion, the Court awarded Plaintiff $1,245.24 in attorney fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 15.

On remand, the Social Security Administration awarded Plaintiff past due benefits of $150,159.00. Dkt No. 16-1. The Commissioner withheld $37,539.75 from the past-due benefits in the event Plaintiff's counsel requested payment of fees. Dkt. No. 16 at 2.

## II.    LEGAL STANDARD

Section 406(b) of the Social Security Act governs counsel's request for fees. Under that provision, attorneys may seek "a reasonable fee" for cases in which they have successfully represented Social Security claimants. 42 U.S.C. § 406(b)(1)(A). This fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The amount of work performed at the administrative level is an appropriate consideration "insofar as it [gives] the district court a better understanding of factors relevant to its reasonableness inquiry." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005); *see Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("courts should consider the nature and length of the professional relationship with the claimant— including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall."); *Milam v. Barnhart*, 387 F. Supp. 2d 656, 659 (W.D. Va. 2005) (reasoning that 51.5 attorney hours spent on a case at the administrative level demonstrated the complexity of the case). "[I]f the district court is going to make

substantial cuts to a winning lawyer's fee request, it needs to explain why with sufficient specificity that the lawyer can meaningfully object and we can meaningfully review the objection." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("gut feelings are not enough"). "Congress was mindful that fee awards should be sufficient to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (citing *Gisbrecht*, 535 U.S. at 806).

Finally, the Court must offset the § 406(b) fee award by any fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

### III. DISCUSSION

Plaintiff's counsel seeks $37,539.75 in attorney fees, offset by the $1,245.24 EAJA fees, for a net award of $36,294.51. Dkt. No. 16 at 3. The Court has conducted an independent inquiry of the proposed fee award and finds it is reasonable and does not constitute a windfall.

Plaintiff and counsel agreed to a contingent-fee agreement where counsel receives 25 percent of Plaintiff's past-due benefits. Dkt. No. 16 at 2–3; Dkt. No. 16-2. Counsel is requesting attorney fees of $37,539.75—the maximum allowed under the contingency agreement and 42 U.S.C. § 406(b). Dkt. No. 16 at 2. Counsel's representation resulted in Plaintiff receiving a favorable decision and an award of past-due benefits totaling $150,159. Dkt. No. 16, Ex. A. Counsel "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" the case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

Counsel persuaded the Commissioner to agree to a remand of this case without briefing, avoiding additional fees related to a district court review. Upon administrative review, counsel spent more than 60 attorney hours achieving a successful award for

several years of past due benefits. Dkt. No. 16 at 3–4. Although attorney hours spent before the agency are not part of the fee award here, that time helps the Court evaluate "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd*, 418 F.3d at 428. Moreover, Plaintiff's first attorney abandoned the case, suggesting Plaintiff could not have prevailed without this counsel's advocacy. *Id.* at 5.

Finally, the Court does not find a reduction is warranted. *See Crawford*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citation omitted). There is no evidence of substandard performance or delay, and the requested fees are "not excessively large in relation to the benefits achieved" or the "time spent on the case." *Id.* Instead, counsel's actions were highly effective.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $37,539.75. Dkt. No. 16.

The Commissioner is **DIRECTED** to certify payment of a fee award of **$37,539.75**, made payable to Ashish A. Agrawal of Chermol and Fishman, 11450 Bustleton Avenue, Philadelphia, Pennsylvania, 19116, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$1,245,24** to offset the EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: June 11, 2025

Honorable Daniel E. Butcher
United States Magistrate Judge